# United States Court of Appeals

## For the Eighth Circuit

_____

No. 13-2036

_____

Maria Guyton; Dionicio Canuzal, on behalf of themselves and all others similarly situated individuals

*Plaintiffs - Appellants*

v.

Tyson Foods, Inc., doing business as Tyson Fresh Meats, Inc.

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: February 11, 2014
Filed: August 25, 2014

_____

Before SMITH, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Maria Guyton and Dionicio Canuzal are employees of Tyson Foods, Inc. They represent a class of employees at Tyson's meat-processing facility in Columbus Junction, Iowa. They sued Tyson for not paying wages due under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 201 et seq., and the Iowa Wage Payment Collection Law (IWPCL), Iowa Code 91A.1 et seq. A jury returned a verdict for

Tyson. The employees appeal. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

I.

The employees are current and former "gang-time" employees at Tyson's facility. The background is similar to that in *Lopez v. Tyson Foods, Inc.*, 690 F.3d 869, 873-75 (8th Cir. 2012) (adapted to the facts of this case):

> To calculate the employees' compensable working time, Tyson measures "gang time"—when the employees are at their working stations and the production line is moving. The employees claim Tyson failed to provide FLSA overtime compensation for donning (putting on) personal protective equipment (PPE) and clothing before production and again after lunch, and for doffing (taking off) PPE and clothing before lunch and again after production. The PPE and clothing worn by individual employees vary depending on their role in the process. Tyson classifies items of PPE and clothing as either "unique" or "non-unique" to the meat-processing industry. . . . The employees also seek compensation for transporting the items from lockers to the production floor.

> In addition to "gang time," Tyson adds "K-code" time to each employee's paycheck. Before 2007, Tyson paid four minutes of K-code time per day to each [employee in a department where knives were used] in order to compensate for the donning and doffing of unique items. From [February] 2007 to March 2010, Tyson added [several minutes] per day for pre- and post-shift walking time required of the employee. Since March 2010, Tyson has paid 20 to [22] minutes per day in order to compensate for all contested activities. Tyson does not record the actual time that employees perform any of these tasks.

> . . . .

> The FLSA prohibits the employment of any person "for a workweek longer than forty hours unless such employee receives compensation for

his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1); *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005). An employee who sues for unpaid overtime "has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84; *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 881 (8th Cir. 2011). "Neither 'work' nor 'workweek' is defined in the statute." *Alvarez*, 546 U.S. at 25. At one time, the Supreme Court defined work as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *Tennessee Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 598 (1944), *superseded by statute on other grounds*, Portal-to-Portal Act of 1947, Pub. L. No. 80-49, 61 Stat. 84. The Court then "clarified that 'exertion' was not in fact necessary for an activity to constitute 'work' under the FLSA." *Alvarez*, 546 U.S. at 25, *citing Armour & Co. v. Wantock*, 323 U.S. 126, 133 (1944).

Whether an employee's activity is "work" does not end the compensability analysis. In the Portal-to-Portal Act, Congress excluded some activities that might otherwise constitute work from the FLSA. The Act excepts two categories:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

> (2) activities which are preliminary to or postliminary to said principal activity or activities, which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.

29 U.S.C. § 254(a); *Alvarez*, 546 U.S. at 26-28. "[A]ctivities performed either before or after the regular work shift, on or off the production

line, are compensable . . . if those activities are *an integral and indispensable part of the principal activities* for which covered workmen are employed and are not specifically excluded by [29 U.S.C. § 254(a)(1)]." *Steiner v. Mitchell*, 350 U.S. 247, 256 (1956) (emphasis added). And, "any activity that is 'integral and indispensable' to a 'principal activity' is itself a 'principal activity' under [29 U.S.C. § 254(a)]." *Alvarez*, 546 U.S. at 37.

The Department of Labor has a "continuous workday rule," generally defining an employee's "workday" as "the period between the commencement and completion on the same workday of an employee's principal activity or activities." 29 C.F.R. § 790.6(b); *Alvarez*, 546 U.S. at 29, 37 (describing and applying the continuous workday rule). During the continuous workday, the compensability of all activities that otherwise satisfy the requirements of the FLSA is not affected by the Portal-to-Portal Act's exceptions. In *Alvarez*, the Supreme Court held that "during a continuous workday, any walking time that occurs after the beginning of the employee's first principal activity and before the end of the employee's last principal activity is excluded from the scope of [the Portal-to-Portal Act], and as a result is covered by the FLSA." *Alvarez*, 546 U.S. at 37.

The employees sued in 2007, claiming that Tyson's K-code time was insufficient to cover compensable pre- and post-production line activities, violating the FLSA and IWPCL. The district court[1] certified the FLSA claim as a collective action and the IWPCL claim as a Rule 23 class action. The parties agree that the elements are the same for both claims. The district court granted Tyson summary judgment that pre- and post-production activities during a 35-minute meal period are not compensable. On other claims, after an eleven-day trial, the jury returned a verdict for Tyson. The verdict form contained the following question:

---

[1]The Honorable John A. Jarvey, United States District Judge for the Southern District of Iowa.

-4-

## Question No. 1

Did the plaintiffs prove their FLSA and Iowa claims on a class-wide basis for pre-shift and/or post-shift donning and doffing of the items at issue in this case because:

It is "work" within the
meaning of the FLSA                    _____ YES _____ NO

It is integral and indispensable
to a principal activity,               _____ YES _____ NO
such that it starts and ends
the "continuous workday."

If your answer to both parts of Question No. 1 is "NO" then do not answer any more questions and sign the verdict form.

The jury marked "Yes" to sub-part one, and "No" to sub-part two. In response to later questions, the jury found that a de minimis exception did not apply, that plaintiffs failed to prove damages, and that Tyson acted in good faith under 29 U.S.C. § 259(a). Plaintiffs appeal, arguing that the district court erred in submitting the case to a jury, in denying plaintiffs judgment as a matter of law, in excluding documentary evidence at trial, and in granting Tyson summary judgment on the meal-period claim.

II.

Plaintiffs argue that Tyson is estopped from re-litigating the compensability of donning and doffing "unique" items related to knife use by *IBP, Inc. v. Alvarez*, 546 U.S. 21 (2005) and *Reich v. IBP, Inc.*, 38 F.3d 1123 (10th Cir. 1994). When mutuality does not exist in a collateral estoppel claim, this court gives "deference to

-5-

the district court's evaluation of the overall fairness to the litigants." ***Liberty Mut. Ins. Co. v. FAG Bearings Corp.***, 335 F.3d 752, 757-58 (8th Cir. 2003). The Supreme Court in *Alvarez* held that walking time to and from the production floor, after donning "special safety gear," was compensable. ***Alvarez***, 546 U.S. at 34. *See **De Asencio v. Tyson Foods, Inc.***, 500 F.3d 361, 371 (3d Cir. 2007) ("[T]he Court [in *Alvarez*] could not have concluded that walking and waiting time are compensable under the Portal-to-Portal Act if they were not work themselves."). The court in *Reich* ruled that time spent donning and doffing unique PPE associated with knife use was compensable. ***Reich***, 38 F.3d at 1127. It also ruled that time spent donning and doffing non-unique gear was not compensable—"although essential to the job, and required by the employer, any time spent on these items is not work." ***Id.*** at 1126.

Here, the class included *all* gang-time employees—those who used knives and associated unique gear, and those who did not. Testimony showed that employees rotated through knife and non-knife positions. At any time, 35 to 40 percent of employees did not use knives. In their proposed verdict form and their expert's damages model, plaintiffs did not distinguish between those using knives and those who did not. Post *Reich* and *Alvarez*, this court held that employees "bore the burden of proving they performed uncompensated work" when "donning and doffing non-unique items." ***Lopez***, 690 F.3d at 883. Since plaintiffs must prove their case on a classwide basis, the district court did not err in failing to give *Reich* and *Alvarez* preclusive effect. *See **Wal-Mart Stores, Inc. v. Dukes***, 131 S. Ct. 2541, 2555 (2011) (requiring evidence that plaintiffs' claims "can be proved on a classwide basis" for class certification).[2]

---

[2]Plaintiffs similarly argue that *Reich* and *Alvarez*, together with the "continuous workday" rule, render compensable the donning and doffing of non-unique gear. This argument applies only to non-unique gear donned after, or doffed before, unique gear. It thus suffers from the same "classwide basis" deficiency as the collateral estoppel claim. *See **Dukes***, 131 S. Ct. at 2555.

According to plaintiffs, the district court erred in letting the jury decide that donning, doffing, and walking were not "integral and indispensable to a principal activity," citing *Icicle Seafoods, Inc. v. Worthington*, 475 U.S. 709, 714 (1986) ("The question whether their particular activities excluded them from the overtime benefits of the FLSA is a question of law."). *See **Jarrett v. ERC Props., Inc.***, 211 F.3d 1078, 1081 (8th Cir. 2000) ("Disputes regarding the nature of an employee's duties are questions of fact, but the ultimate question whether an employee is exempt under the FLSA is an issue of law.").

At trial, plaintiffs did not object to letting the jury decide the "integral and indispensable" claim, writing "no objection to sub-part two of Question No. 1" on their response to the proposed verdict form.[3] When a party fails to object to a jury instruction, this court reviews for sufficiency of the evidence. ***Jarrett***, 211 F.3d at 1081-82, *applying **Icicle Seafoods***, 475 U.S. at 714. This court "will not reverse a jury verdict for insufficient evidence unless 'after viewing the evidence in the light most favorable to the verdict, [it concludes] that no reasonable juror could have returned a verdict for the non-moving party.'" ***Denesha v. Farmers Ins. Exch.***, 161 F.3d 491, 497 (8th Cir. 1998), *quoting **Ryther v. KARE 11***, 108 F.3d 832, 836 (8th Cir. 1997) (en banc). Testimony showed that for some positions all equipment could be worn to and from home. Some equipment was optional, and could be worn for the employee's comfort at work. Many positions did not require protective gear associated with knife use. Sufficient evidence existed that the disputed activities were not integral and indispensable classwide.

---

[3]Plaintiffs later petitioned the court to phrase sub-part two as, "It occurs during the 'continuous workday.'" The "continuous workday" is "the period between the commencement and completion on the same workday of an employee's principal activity or activities." **29 C.F.R. § 790.6(b)**. An activity that is "integral and indispensable" to a principal activity is itself a principal activity. *Alvarez*, 546 U.S. at 37. Under *Alvarez*, plaintiffs' proposed wording of sub-part two is not substantively different than the wording used by the district court in the final verdict form.

Plaintiffs contend, "Such questions of law must be decided by the Court so that the coverage of the statute applies equally across all Tyson plants through the principles of *stare decisis*." Plaintiffs previously opposed consolidated proceedings against Tyson. There, plaintiffs stated: "While the Complaints in each of the 'donning and doffing' cases . . . contain similar allegations, . . . the factual similarities are superficial. The cases . . . must be litigated on a plant-by-plant basis." Plaintiffs pointed to "types of personal protective equipment and clothing worn at the specific plant . . . and local policies, practices, and procedure concerning unpaid time." Plaintiffs noted that time studies "at each specific plant location" would "take into account the processing line configuration, locker room locations [and] walking distances." **Memorandum of Plaintiffs** at 4, ***In re: Tyson Foods, Inc., Meat Processing Facilities Fair Labor Standards Act (FLSA) Litig.***, 581 F. Supp. 2d. 1374 (J.P.M.L. 2008). Based on plaintiffs' claims, the plants are not so similar as to prevent plant-specific litigation.

Plaintiffs also attack the jury's response to Question No. 1 as inconsistent—that any activity found to be "work" must be "integral and indispensable." Plaintiffs did not object to the separation of "work" and "integral and indispensable" in the sub-parts of Question No. 1. Nor did they object to the separate definitions of "hours worked" and "integral and indispensable" in Jury Instruction No. 5.[4] At oral argument, plaintiffs acknowledged that these definitions distinguished between activities that were "work" and activities that were "integral and

---

[4]Jury Instruction No. 5 defines "hours worked" as "all time spent by an employee that is . . . required by the employer and is done primarily for the benefit of the employer." On the same page, Instruction No. 5 states, "To determine whether an activity is integral and indispensable, you must find that (1) the activity is required by the employer; (2) *the activity is necessary to the employee's principal activities*; and (3) it is for the primary benefit of the employer" (emphasis added). According to these instructions, the jury can find an activity was "work," yet not "integral and indispensable," by finding it was not "necessary to the employee's principal activities." Plaintiffs did not object to these parts of Instruction No. 5.

indispensable." Plaintiffs' argument also ignores the Portal-to-Portal Act, which allows some "work" to be non-compensable. *Lopez*, 690 F.3d at 874 ("Whether an employee's activity is 'work' does not end the compensability analysis. In the Portal-to-Portal Act, Congress excluded some activities that might otherwise constitute work from the FLSA."). The district court properly ruled that the verdict was not inconsistent.

III.

Plaintiffs claim that they deserve *some* damages as a matter of law, since knife-users were not compensated for walking time until over a year after the Supreme Court's decision in *Alvarez*. True, individual damage calculations may vary among class members. *See Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1433 (2013) (allowing variation in damages unless "individual damage calculations . . . overwhelm questions common to the class"); *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946) (allowing damage calculations based on "just and reasonable inference"). But, plaintiffs argue on appeal that the jury's finding of no damages is "only incorrect *if* the answer to Question 1 was erroneous as a matter of law pursuant to *Alvarez*, *Reich*, or the weight of the evidence." As discussed above, the district court did not err in denying preclusive effect to *Reich* and *Alvarez*, and sufficient evidence supported the jury's finding that the disputed activities were not "integral and indispensable" classwide. Even if the jury's answer to Question No. 1 was erroneous as a matter of law, plaintiffs' expert agreed that her study was a "rush job," and that her calculations did not distinguish between those using knives and those who did not. Sufficient evidence supports a finding that plaintiffs failed to prove damages for knife users.

IV.

The jury found that Tyson acted in good faith under 29 U.S.C. § 259(a). Plaintiffs believe that the trial court should have decided the good faith question as a matter of law. *See **Hultgren v. County of Lancaster, Neb.***, 913 F.2d 498, 507-08 (8th Cir. 1990) (deciding a § 259 dispute as a matter of law); ***Cole v. Farm Fresh Poultry, Inc.***, 824 F.2d 923, 926 (11th Cir. 1987) ("A court must also find that the employer acted in actual conformity with and in reliance on the written agency interpretation.") (internal quotations omitted). *But see **Martinez v. Phillips Petroleum Co.***, 283 F. Supp. 514, 527 (D. Idaho 1968) ("[T]he issue of good faith is essentially a question of fact.")*, aff'd*, 424 F.2d 547, 548 (9th Cir. 1970) (affirming "for the reasons stated by the district judge"). *But cf. **Jarrett***, 211 F.3d at 1084 (finding that under 29 U.S.C. § 260, "a district court's finding of employer good faith in the face of a jury's presumptively contrary finding . . . requires close scrutiny on appeal"). However, the jury's other findings—that the disputed activities were not integral and indispensable, and that plaintiffs failed to prove damages—render any error harmless.

According to plaintiffs, allowing the jury to hear evidence on Tyson's good faith defense prejudiced their other claims. The jury was instructed on *Reich* and *Alvarez* as part of the good faith claim, but were told this could "only be used by you to decide the issues presented by the good faith defense." "A jury is presumed to follow its instructions." ***Weeks v. Angelone***, 528 U.S. 225, 234 (2000).

V.

Plaintiffs claim that the district court erred in excluding documentary evidence at trial. Plaintiffs asked a witness about an amicus brief by the Department of Labor in *Alvarez*, but the brief was not accepted into evidence. The district court found the brief prejudicial, containing "every single thing . . . excluded" from trial. Review of

evidentiary rulings is "highly deferential." ***Lucas v. Jerusalem Cafe, LLC***, 721 F.3d 927, 939 (8th Cir. 2013). Plaintiffs do not show an abuse of discretion in excluding the written document.

VI.

Plaintiffs object to the district court's grant of summary judgment that time spent donning and doffing during a 35-minute meal period is not compensable. Summary judgment is subject to de novo review, drawing all reasonable inferences from the record in favor of the nonmoving party. ***Wenzel v. Missouri-American Water Co.***, 404 F.3d 1038, 1039 (8th Cir. 2005). While "[i]n essence, a claim for unpaid mealtime work is no different than other overtime claims," *Hertz v. Woodbury Cnty., Iowa*, 566 F.3d 775, 783 (8th Cir. 2009), this court uses a "predominantly-for-the-benefit-of-the-employer standard" for mealtime claims under the FLSA. ***Lopez***, 690 F.3d at 881, *citing* ***Henson v. Pulaski Cnty. Sheriff Dep't***, 6 F.3d 531, 533-35 (8th Cir. 1993). Applying the predominant-benefit test to donning and doffing claims, this court analyzes the "meal period as a whole." ***Lopez***, 690 F.3d at 880-81 (approving a jury instruction: "Whether an employee is entitled to mealtime compensation depends on whether the *meal period as a whole* was spent 'predominantly for the benefit of the employer' or whether the employee was able to use the meal period effectively for his or her own purposes") (emphasis added). *See* ***Sepulveda v. Allen Family Foods, Inc.***, 591 F.3d 209, 216 n.4 (4th Cir. 2009) ("[T]he employees seek compensation for the time they spend during their lunch breaks donning and doffing a few items, washing, and walking to and from the cafeteria. This time is non-compensable, however, *because it is part of a bona fide meal period*.") (emphasis added); ***Perez v. Mountaire Farms, Inc.***, 650 F.3d 350, 372 (4th Cir. 2011) (applying *Sepulveda*).

Plaintiffs rely on a different outcome in parallel proceedings against Tyson, but the district courts there analyzed meal-period donning and doffing alone, rather than

-11-

as part of the meal period as a whole.  ***Gomez v. Tyson Foods, Inc.***, No. 8:08CV21, 2013 WL 7045055, at *11 (D. Neb. Feb. 11, 2013) ("When employees seek compensation only for the time periods in which the acts of donning and doffing occur, the court is not confronted with the issue of whether the entire meal period predominately benefits the employer."); ***Acosta v. Tyson Foods, Inc.***, No. 8:08CV86, 2012 WL 6552772, at *12 (D. Neb. Dec. 14, 2012) ("Any benefit that inures to the employees in that they can dine without blood and meat products on their clothing is vastly overshadowed by the benefits to the employer in maintaining a sanitary production facility.  The court finds that these donning and doffing activities predominantly benefit the employer.").  Here, it is undisputed that the entire meal period, other than a brief time spent donning and doffing, is uninterrupted. Employees can wear much protective clothing in the cafeteria.  The meal period as a whole is for the benefit of the employees.

Plaintiffs argue that the meal period is for Tyson's benefit, as USDA inspectors leave during this period and the production line is sanitized.  The *cause* for the meal-period is irrelevant—the *effect* of the meal-period for employees is decisive.  *See* **29 C.F.R. § 785.19** (focusing on need of the employee to rest and eat during meal periods).  Summary judgment was appropriate that donning and doffing during the 35-minute meal period is not compensable.

\* \* \* \* \* \* \*

The judgment is affirmed.

BEAM, Circuit Judge, concurring in the judgment.

_____

-12-